UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PAUL D. EATON,                                                               Case No. 3:17-cv-01863-JR

        Plaintiff,                                                            ORDER

        v.

CLIFFORD DENNIS, CAMP
WITHYCOMBE MILITARY
BASE,

        Defendants.
_____

RUSSO, Magistrate Judge:

       Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that defendant Clifford Dennis subjected him to unwanted sexual harassment in violation of his constitutional rights. Dennis now moves to dismiss this action for failure to state a claim. I agree that plaintiff's Complaint currently fails to state a claim and therefore allow him an opportunity to amend his complaint.

1 – ORDER

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) directs that a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). In pro se cases particularly, the court must construe the complaint liberally and afford plaintiff "the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [him] to relief." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff is an inmate in the custody of the Oregon Department of Corrections and alleges that while he was working at Camp Withycombe, Dennis made crude and vulgar comments and gestures toward him. Compl. at 5 (ECF No. 2). Plaintiff asks that Dennis no longer be allowed to work with inmates and seeks an award of $500,000 in damages.

Dennis accurately points out that plaintiff's allegations are identical to those alleged in Manoff v. Dennis, Case No. 3:17-cv-01864-HZ. There, Judge Hernandez dismissed the claims against Dennis, finding that plaintiff's claims rested entirely on comments made by Dennis and that verbal abuse does not constitute a constitutional violation to support a claim under § 1983. Manoff v. Dennis, Case No. 3:17-cv-01864-HZ (ECF No. 14). As in Manoff, Dennis maintains that plaintiff's claim in this case alleges no more than vulgar language and crude suggestions. Def.'s Motion at 3 (ECF No. 14). Plaintiff opposes the motion, arguing that sexual harassment is a violation of the Eighth Amendment. Plaintiff is partially correct.

2 – ORDER

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). At the same time, mere verbal harassment generally does not rise to the level of a constitutional violation to support a claim under § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (finding that an officer's conduct did not constitute a violation of the Eighth Amendment where the officer exposed himself to the plaintiff but never physically touched him).

Here, plaintiff alleges that Dennis accused plaintiff of masturbating in the bathroom during work breaks, pretended "to ejaculate on workers' back during work," and made "comments about sicking thing [sic] in [plaintiff's] butt to bring back to prison." Compl. at 5. Judge Hernandez found that the identical allegations in Manoff alleged only crude comments and gestures that were not actionable under § 1983.

Notably, the plaintiff in Manoff was provided the opportunity to amend his complaint after notified of its deficiencies. Manoff v. Dennis, Case No. 3:17-cv-01864-HZ (ECF No. 11). Similarly, plaintiff here must be provided the opportunity to amend if the deficiencies could be cured. Arguably, one of plaintiff's allegations suggests physical contact by Dennis. Therefore, plaintiff is granted leave to amend his Complaint to clarify the nature of Dennis's actions, including whether (and where) Dennis touched plaintiff during the alleged harassment.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 14) is GRANTED, and plaintiff's motion to deny the motion to dismiss (ECF No. 15) is DENIED. Within 30 days from the date of this Order, plaintiff may submit an amended complaint curing the noted deficiencies. Plaintiff is advised that the failure to do so will result in the dismissal of this action with prejudice.

DATED this 13th day of June 2018.

                                                s/Jolie A. Russo  
                                                JOLIE A. RUSSO  
                                                United States Magistrate Judge